RALPH HATHAWAY, p.a. *vs.* JAMES F. BONER.

MAY 11, 1942.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of the case for negligence. After a jury trial in the superior court a verdict was returned for the defendant. On the motion of the plaintiff, the trial justice granted a new trial on the grounds that

the verdict was against the weight of the evidence and was against the law. Defendant excepted to this ruling and the case is here on this exception.

The cause of action arose out of the collision of two automobiles on Douglas avenue, a public highway in the city of Providence. Defendant was the owner and operator of one of these automobiles and plaintiff was a passenger in the other. There was no question of contributory negligence on the part of the plaintiff in the case. The only question for the jury was whether or not the defendant was negligent.

The facts in evidence were quite simple. The accident occurred on a portion of Douglas avenue where the view of each operator was unobstructed for a very long distance. The automobile in which the plaintiff was riding was proceeding in a southerly direction on that avenue, and well to the right of the middle line of the highway, when there was a collision between the two automobiles. Defendant's automobile had been traveling in a northerly direction on that avenue when the defendant, very shortly before the collision, turned it to his left, intending to leave Douglas avenue and enter Hazael street, which intersects but does not cross Douglas avenue at this point. As the defendant got over on his left-hand side of Douglas avenue his automobile came into contact with the automobile in which the plaintiff was riding. After the collision both automobiles were at the southwest corner of Douglas avenue and Hazael street with about three-fourths of the length of the automobile in which the plaintiff was riding in Hazael street and facing toward Douglas avenue.

Plaintiff testified that the defendant's automobile struck the automobile in which he, the plaintiff, was riding and pushed it off its southerly course along Douglas avenue into the above-mentioned position. Defendant testified that the other automobile crashed into his automobile as he was turning left on Douglas avenue to enter Hazael street. He also testified that he saw the other automobile coming along on its right side on Douglas avenue before he started

to turn and that he could not say how far away the other automobile was at that moment but nevertheless judged he could turn into Hazael street safely, although it would be necessary to travel directly across the path of the oncoming automobile. He did not look again at the other automobile until an outcry from his wife, who was riding with him, directed his attention to it and by that time it was upon him.

The question presented to the jury by the evidence was whether, under all the circumstances, the defendant had exercised reasonable care in turning to his left on Douglas avenue and attempting to pass in front of the other automobile, which he saw approaching and which, at one point in his testimony, he said was coming fast or at a very good speed. By their verdict the jury have answered that question in the affirmative, but the trial justice has disagreed with them and has definitely found that their verdict is against both the law and the evidence.

Defendant contends that the decision of the trial justice is erroneous and that it is not entitled to the weight usually given to a decision of a trial justice in setting aside a jury's verdict and granting a new trial, because he has not fairly reviewed the evidence and also because he has merely substituted his view of the evidence for the equally reasonable view of the jury. Plaintiff contends, on the other hand, that the trial justice has clearly performed his duty in accordance with the rule laid down in *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292, governing the powers and duties of a trial justice in granting new trials and that, therefore, his decision should not be disturbed by this court unless it is clearly wrong.

We have read the transcript and we are satisfied that the trial justice has not overlooked or misconceived any of the evidence and that he has sufficiently indicated why he disagrees with the jury's verdict. It is true that a more detailed discussion of the evidence and a more specific statement indicating wherein the verdict fails to respond truly

to the merits of the controversy would be more helpful to us. Nevertheless there is in the decision of the trial justice as reported in the transcript sufficient to show us that he has considered the evidence and has performed his duty, in the exercise of his independent judgment, as set forth in the *Wilcox* case.

It is clear from his decision that he considered the evidence and was convinced that the verdict of the jury was wrong. At the hearing on the motion for a new trial, after a running colloquy with defendant's counsel over the nature and effect of the evidence, the trial justice said: "My own feeling is, and I have that feeling quite strongly, that the defendant misjudged the speed of the oncoming car"; and then he goes on to say that he is "thoroughly convinced" that the defendant was negligent and that he was granting a new trial because the jury's verdict was against the evidence and also against the law. There is also, therefore, the added finding that the jury failed to follow the law, namely, that the negligence, if any, of the operator of the automobile in which the plaintiff was a passenger could not be attributed to him. Since the issue of whether the defendant was negligent was the sole and decisive issue in the case, the above language of the trial justice makes it plain that he found the jury's verdict was wrong and did not truly respond to the merits of the controversy.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Edward C. Drinkwater*, for plaintiff.

*James O. McManus, William I. Matzner*, for defendant.